UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/2025
```

KRISTIN BALLAS,

     Plaintiff,

  -v-

GREENHOUSE SOFTWARE, INC., ET AL.,

     Defendants.

**ORDER**

22-CV-10332 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

  A dispute has arisen regarding whether Defendants are entitled to depose three physicians—Dr. Matthew Costa, Dr. Bushra Malik, and Dr. Joseph Ellwood (collectively, the "Treating Physicians")—as part of expert discovery. They are all "treating physicians," meaning that they provided Plaintiff medical treatment or evaluation and have or have had an ongoing treatment relationship with Plaintiff.

  Plaintiff says that the Treating Physicians are fact witnesses who should have been deposed during fact discovery and that it is too late for Defendants to depose them now. ECF No. 173. Defendants say (a) the Treating Physicians are properly regarded as expert witnesses and should be made available for deposition now or, alternatively, (b) if the Treating Physicians are fact witnesses, Plaintiff should be precluded from offering their testimony at trial due to the failure to disclose them during fact discovery. ECF No. 174.

  Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to provide in their initial disclosures the names and contact information of individuals likely to

1

have discoverable information and the subjects of that information that the disclosing party may use to support its claims or defenses. Plaintiff's initial disclosures did not identify the Treating Physicians as individuals likely to have discoverable information. But neither did Plaintiff hide the ball entirely: Plaintiff listed the Treating Physicians or their facilities as sources of medical records in her initial disclosures. *See* ECF No. 173-1. But this disclosure arguably fulfilled the requirements of 26(a)(1)(A)(ii)—providing a description by category or location of documents the disclosing party may use to support its claims or defenses—as opposed to the requirements of 26(a)(1)(A)(i).

It appears that the first time Plaintiff expressly stated that she intended to offer testimony from the Treating Physicians at trial was by emails dated September 5, 2024 and September 24, 2024. ECF No. 173-3 at 1, 7. These disclosures were made in the context of identifying experts after the close of fact discovery. ECF No. 118 (setting the deadline to complete non-expert discovery on May 15, 2024); ECF No. 161 (setting the deadline for Plaintiff's expert disclosures on October 1, 2024). Indeed, Plaintiff expressly characterized the Treating Physicians as experts within the meaning of Rule 26(a)(2)(C). ECF No. 173-3 at 1, 7. Plaintiff later resisted having the Treating Physicians' depositions taken.

Plaintiff cannot have it both ways. If Plaintiff wanted these doctors to be deposed, if at all, during fact discovery, she should have identified them as witnesses she "may use to support [her] claims" under Rule 26(a)(1)(A)(i). Contrary to Plaintiff's suggestion, this failure of disclosure cannot be cured simply by

amending her initial disclosures. Defendants have been prejudiced by not being told during fact discovery that Plaintiff intended to rely on these witnesses at trial. But Plaintiff would be prejudiced if these witness are precluded from testifying. As treating physicians, their testimony is likely to be relevant and important to Plaintiff's case. The fairest solution that minimizes prejudice is to allow Plaintiff to offer these witnesses at trial, but only after Defendants have an opportunity to depose them.

Plaintiff says she has not retained these witnesses, does not "control" them, and cannot make them available for deposition. Accepting these representations as true, Defendants are granted leave to serve subpoenas to compel the Treating Physicians' deposition testimony and the production of any documents evidencing the facts or data considered in forming their opinions. These depositions and related document productions shall be completed by March 31, 2025.

## CONCLUSION

The deadline to complete all expert discovery—except for expert discovery concerning the replacement for Dr. Baer, which will be addressed by separate order—is March 31, 2025. By this date, depositions of and document productions by the Treating Physicians and Plaintiff's experts Dr. Ashwin Malholtra, Daniel Wolstein, PhD, James Lambrinos, PhD, and Eric Heiberg, PE shall be completed.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 173 as GRANTED IN PART and DENIED IN PART.

**SO ORDERED.**

Dated: January 28, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge